UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD HENDERSON,

      Plaintiff,

                                       Civil Case No. 14-12675

v.                                         Honorable Linda V. Parker

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

**<u>OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S MARCH 31, 2015 REPORT AND RECOMMENDATION [ECF NO. 11]; (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 9]; AND (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 10]</u>**

      On July 9, 2014, Plaintiff filed this lawsuit challenging Defendant's final decision denying his application for Disability and Disability Insurance Benefits under the Social Security Act. On the same date, the matter was referred to Magistrate Judge Patricia T. Morris for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 2.) The parties subsequently filed cross-motions for summary judgment. (ECF Nos. 9, 10.)

On March 31, 2015, Magistrate Judge Morris issued a R&R in which she recommends that this Court deny Plaintiff's motion, grant Defendant's motion, and affirm Defendant's decision finding Plaintiff not disabled under the Social Security Act. (ECF No. 11.) In her analysis of Plaintiff's claim in the R&R, Magistrate Judge Morris first finds that "any potential arguments Plaintiff may have regarding the credibility assessment, medical opinion analysis, and RFC [residual functional capacity] assessment have been waived because he only has cited the case law and regulations and has provided the Court with no indication of how the law applies to the facts of his client's case." (*Id*. at 23.) Magistrate Judge Morris notes that "[t]his is not the first time [she] has had to puzzle through Plaintiff's counsel's patchwork of social security law with no indication of how the law applies." (*Id*. at 23 n.4.) She indicates that this has become the hallmark of Plaintiff's counsel's summary judgment motions and such a problem in this District that one judge recently sanctioned Plaintiff's counsel $2,500. (*Id*., citing *Servantes v. Comm'r of Soc. Sec'y*, No. 14-10250, 2015 WL 870255, at *1 (E.D. Mich. Feb. 27, 2015).) Magistrate Judge Morris finds that the limited record evidence Plaintiff cites to in support of his claims "misrepresents the record by focusing solely on Plaintiff's testimony at the administrative [hearing] and ignoring the function reports where Plaintiff clearly stated that he did engage in activities of daily living." (*Id*. at 23.) Plaintiff does not point to any medical sources whose opinions were improperly

2

weighed, indicate what impairments should have been included in the RFC, or identify where evidence existed to support those impairments in the medical record. (*Id*.)

Despite these comments, Magistrate Judge Morris goes on to review the record evidence and finds substantial evidence supporting the Administrative Law Judge's credibility assessment, RFC assessment, and medical opinion analysis in this case. (*Id*. at 24.) In the R&R, Magistrate Judge Morris specifically outlines some of the evidence that supports the ALJ's findings. (*Id*. at 24-26.) Thus Magistrate Judge Morris recommends that the Court affirm Defendant's decision. (*Id*. at 26.) Magistrate Judge Morris concludes by advising the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id* at 26-27.) She further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id*. at 26.) Plaintiff filed objections on April 14, 2015. (ECF No. 12.)

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001)

(citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Plaintiff raises two "objections" to the R&R. First, he "object's [sic] to the Magistrate's [sic] assertion that [he] has failed to provide 'developed argumentation' and has thus had his arguments 'deemed waived.' " (ECF No. 12 at 1.) Plaintiff contends that he "directly cites supporting relevant case law from the [Sixth] Circuit Court of Appeals in assessing the claim[]" and "clearly sets forth the legal argument that the ALJ's adopted RFC and decision in this case were not based upon the substantial evidence . . .." (*Id*.) Plaintiff's objection is without merit.

"It is well-established that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argument, are deemed waived." *Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005) (internal quotation marks and citations omitted). A plaintiff does not develop his or her arguments by simply citing case law relevant to social security determinations without explaining how that law applies to the plaintiff's claims. Moreover, a plaintiff cannot simply

4

claim that the ALJ erred "while leaving it up to the Court to scour the record to support this claim." *Deguise v. Comm'r of Social Security*, No. 12-10590, 2013 WL 1189967, at *7 (E.D. Mich. Feb.19, 2013), adopted by 2013 WL 1187291 (Mar. 22, 2013).  In any event, Magistrate Judge Morris' assessment of Plaintiff's pleading has no bearing on her analysis, as she proceeded to independently review the record to assess the merit of Plaintiff's claim and determine whether the ALJ properly evaluated the medical record and opinion evidence to access Plaintiff's RFC.

In his next objection, Plaintiff takes issue with the magistrate judge's conclusion that the ALJ's decision is supported by substantial evidence in the record.  Plaintiff argues that "[t]he great weight of the substantial evidence on record can only provide for a finding that the Claimant is disabled due to his severe depression and pain."  (ECF No. 12 at 2.)  However, the only evidence Plaintiff has identified in support of this argument is his hearing testimony which the ALJ and magistrate judge correctly found was contradicted by Plaintiff's previous function reports and the medical evidence.  In other words, Plaintiff has not identified substantial evidence supporting his claim of disability and, in fact, substantial evidence supports a contrary finding.

For these reasons, the Court finds no merit to Plaintiff's objections to Magistrate Judge Morris' March 31, 2015 R&R.  The Court therefore adopts the

5

R&R and is affirming Defendant's decision denying Plaintiff social security benefits.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for summary judgment (ECF No. 9) is **DENIED**;

**IT IS FURTHER ORDERED**, that Defendant's motion for summary judgment (ECF No. 10) is **GRANTED**.

                                        s/ Linda V. Parker
                                        LINDA V. PARKER
                                        U.S. DISTRICT JUDGE

Dated: May 4, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 4, 2015, by electronic and/or U.S. First Class mail.

                                        s/ Richard Loury
                                        Case Manager